1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10
AJAY KUMAR,                              | Case No. 5:26-cv-00515-MCS-DFM
11
                    Petitioner,          | **ORDER RE: EX PARTE**
12                                        | **APPLICATION FOR TEMPORARY**
                    v.                    | **RESTRAINING ORDER (ECF NO. 2)**
13
14
ERNESTO SANTACRUZ JR. et al.,
15
                    Respondents.
16
17
18          Petitioner Ajay Kumar brings this action for a writ of habeas corpus. (Pet., ECF

19   No. 1.) Petitioner filed an ex parte application for a temporary restraining order

20   requiring either his immediate release from custody or a detention hearing, and

21   enjoining Respondents Ernesto Santacruz Jr., in his official capacity as Acting Field

22   Director of the Los Angeles Immigration and Customs Enforcement ("ICE") Field

23   Office; Kristi Noem, in her official capacity as Secretary of the Department of

24   Homeland Security ("DHS"); Todd Lyons, in his official capacity as Acting Director of

25   ICE; Pam Bondi, in her official capacity as Attorney General of the United States; and

26   the Warden of the Desert View Facility from removing Petitioner from the Central

27   District of California or the United States. (Appl., ECF No. 2.)

28

                                          1

1  **I.    BACKGROUND**

2          Petitioner is a citizen of India who has been present in the United States since

3  May 15, 2024, when he crossed the border near Mooers Forks, New York.[1] (Pet. ¶¶ 8–

4  9.) On the day of his entry, Petitioner was arrested by United States Customs and Border

5  Protection, placed in removal proceedings, and released on his own recognizance. (*Id.*

6  ¶¶ 9–10; Ex. at 2–4, ECF No. 1-3.)[2] Since then, Petitioner has complied with the

7  conditions of his release, filed an I-360 petition, and applied for asylum. (Pet. ¶ 10.) On

8  November 10, 2025, Petitioner was re-detained by DHS. (*Id.* ¶ 11.) Currently, Petitioner

9  is in detention at the Desert View Facility in Adelanto, California. (*Id.* ¶ 13.)

10          Petitioner claims that his detention is governed by 8 U.S.C. § 1226(a), (Mem. P.

11  & A. 5–15, ECF No. 2-1), and that his detention without a bond hearing violates his

12  procedural and substantive due process rights under the Fifth Amendment, (*Id.* at 16–

13  20). He asserts that he will suffer irreparable harm from his continued detention due to

14  the constraints on his liberty and the effects that detention has had on his physical and

15  psychological well-being. (*Id.* at 20–21.) He seeks a temporary restraining order

16  requiring either his immediate release or a custody hearing, and enjoining respondents

17  from transferring him outside of the Central District of California or the United States

18  until the petition and any request for a preliminary injunction are resolved. (Proposed

19  Order, ECF No. 2-2.)

20

21  **II.    LEGAL STANDARD**

22          The standards governing temporary restraining orders and preliminary

23  injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush &*

24  *Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary

25

26  _____

27  [1] The Court credits this proffer even though it is unsupported in the record by a verified pleading, declaration, or other evidence.

28  [2] Pinpoint citations refer to CM/ECF pagination.

1  remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

2  24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely

3  to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

4  preliminary relief, that the balance of equities tips in his favor, and that an injunction is

5  in the public interest." *Id.* at 20. The Ninth Circuit also employs a "version of the sliding

6  scale approach" where "a stronger showing of one element may offset a weaker showing

7  of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

8  Under this approach, an injunction may issue if the plaintiff shows that serious questions

9  go to the merits, the balance of hardships tips sharply toward the plaintiff, the plaintiff

10  is likely to suffer irreparable injury, and an injunction is in the public interest. *Fraihat*

11  *v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).

12

13  **III.    DISCUSSION**

14        The Court has jurisdiction to consider Petitioner's claims under 28 U.S.C. § 2241.

15  *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) ("The

16  writ of habeas corpus historically provides a remedy to non-citizens challenging

17  executive detention.").

18        The application does not comply with the procedural requirements of Federal

19  Rule of Civil Procedure 65. *See, e.g.*, Fed. R. Civ. P. 65(b)(1)(A)–(B) (requiring

20  "specific facts in an affidavit or a verified complaint" showing irreparable harm "will

21  result to the movant before the adverse party can be heard in opposition," and a

22  certification of counsel regarding "any efforts made to give notice and the reasons why

23  it should not be required"). In addition, the petition is not verified as required by Rule

24  2(c)(5) of the Rules Governing section 2254 Cases in the United States District Courts.

25  *See Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (authorizing application of

26  Section 2254 Rules to § 2241 proceedings). Regardless, the Court addresses Petitioner's

27  application on its merits to guide further development of this action.

28        The application must be denied because Petitioner fails to demonstrate that he is

likely to succeed on the merits of his claims. "Likelihood of success on the merits is the most important factor," *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (internal quotation marks omitted), which "is especially true for constitutional claims," *see Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023).

At the outset, the Court notes that in his application materials, Petitioner offers an argument that is not included in his petition: he asserts that his release on his own recognizance in May 2024 resulted in him developing a liberty interest under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and therefore he was entitled to notice and a pre-deprivation hearing before any re-detention. This Court has granted relief to petitioners in similar circumstances who were able to demonstrate that they developed a strong liberty interest in remaining free from detention after their initial releases. *See, e.g.*, Order Re: Mot. for TRO, *Hasratyan v. Bondi*, No. 5:26-cv-002310-MCS-ADS (C.D. Cal. Feb. 2, 2026), ECF No. 10; Order Re: Ex Parte Appl. for TRO & Prelim. Inj., *Cristobal Meneses v. Santacruz, Jr.*, No. 2:25-cv-11206-MCS-PVC (C.D. Cal. Dec. 2, 2025), ECF No. 13; Order Re: Ex Parte Appl. for TRO, *Martinez Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025), ECF No. 12. However, because this theory is not pleaded in the petition, the Court cannot consider it in evaluating the application. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Petitioner also appears to argue that he is a member of the class recognized in *Maldonado Bautista v. Santacruz Jr.*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 262265 (C.D. Cal. Dec. 18, 2025), and is entitled to relief on that basis. (*See* Mem. P. & A. 5–12.) As with Petitioner's *Mathews* claim, this theory is not pleaded in the petition, so the Court is unable to issue an injunction on this basis. *Pac. Radiation Oncology*, 810 F.3d at 633. Moreover, the Court notes that Petitioner is not a member of the bond-eligible *Maldonado Bautista* class, which consists of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United

States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista*, 2025 U.S. Dist. LEXIS 262265, at *86–87. Petitioner was apprehended upon his arrival and immediately placed in removal proceedings. (Pet. ¶¶ 9–10.) Therefore, he is not a part of the *Maldonado Bautista* class. *See Xie v. LaRose*, No. 3:25-cv-03649-RBM-MSB, 2026 U.S. Dist. LEXIS 6665, at *4 (S.D. Cal. Jan. 13, 2026) ("Unlike the class members in *Bautista* who entered the United States without apprehension, Petitioner was previously detained, identified as inadmissible, placed in removal proceedings, found to be neither a flight risk nor a danger to the community, and released on his own recognizance.").

Petitioner has not argued that he is likely to succeed on any of his pleaded claims, but the Court examines them anyway. In his petition, Petitioner asserts that his prolonged detention violates the Immigration and Nationality Act, his due process and equal protection rights under the Fifth Amendment, the Administrative Procedure Act, and the Suspension Clause of the Constitution. (Pet. ¶¶ 39–81.) "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

The Immigration and Nationality Act governs detention and release of noncitizens during and following removal proceedings. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Once an alien is ordered removed, the Department of Homeland Security must remove the alien within a 90-day removal period, during which detention is mandatory. *Id.* at 528 (construing 8 U.S.C. § 1231(a)(1)); 8 U.S.C. § 1231(a)(2). Certain categories of aliens who have been ordered removed "may be

1    detained" after the removal period lapses. 8 U.S.C. § 1231(a)(6). The Constitution

2    implicitly limits the Department of Homeland Security's discretion to detain an alien in

3    the post-removal period to "'a period reasonably necessary to bring about that alien's

4    removal from the United States,'" which "is presumptively six months." *Johnson*, 594

5    U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). But an alien may not necessarily be

6    subject to release if the alien is not removed within six months; instead, "an alien may

7    be held in confinement until it has been determined that there is no significant likelihood

8    of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

9        Petitioner does not dispute that he falls into one of the categories of aliens who

10    may be detained in the post-removal period. (*See* Pet. ¶ 9 ("Petitioner was placed in

11    Section 240 removal proceedings, thereby rendering him subject to discretionary

12    detention under Section 236 . . . .").) Petitioner had been detained for less than three

13    months when he initiated this action. (*See id.* ¶ 11.) Thus, *Zadvydas* teaches that the

14    duration of Petitioner's detention remains presumptively reasonable.

15        Further, the Court cannot determine on this record "that there is no significant

16    likelihood" that Petitioner will be removed from the United States in the reasonably

17    foreseeable future. *Zadvydas*, 533 U.S. at 701. Petitioner's position on the low

18    likelihood of removal in the reasonably foreseeable future rests exclusively on an

19    argumentative proffer, not on verified allegations or evidence. (*See* Pet. ¶ 45.)

20        The Court declines to consider the other *Winter* factors. *See Garcia v. Google,*

21    *Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("Because it is a threshold inquiry,

22    when a plaintiff has failed to show the likelihood of success on the merits, we need not

23    consider the remaining three *Winter* elements." (cleaned up)).

24

25    ///

26

27

28

                                        6

1

2    **IV.    CONCLUSION**

3              The application is denied.

4

5    **IT IS SO ORDERED.**

6

7     Dated: February 6, 2026

8                                                    MARK C. SCARSI
                                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28