UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:26-cv-00515-MCS-DFM | Date February 17, 2026 |
| Title *Kumar v. Santacruz* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 10)**

  Petitioner Ajay Kumar brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner moves for a preliminary injunction requiring his immediate release from custody. (Mot., ECF No. 10.)[1] The Court deems the motion appropriate for decision without further briefing or oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

  According to the petition, Petitioner is a citizen of India who has been present in the United States since May 15, 2024, when he crossed the border near Mooers Forks, New York. (Pet. ¶¶ 8–9.) On the day of his entry, Petitioner was arrested by United States Customs and Border Protection, placed in removal proceedings, and released on his own recognizance. (*Id.* ¶¶ 9–10; Ex. at 2–4, ECF No. 1-3.) Petitioner was re-detained on November 10, 2025, and currently is in detention at the Desert View Facility in Adelanto, California. (Pet. ¶¶ 11, 13.)

---

[1] The motion fails to comply with local rules governing motion practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-4, 65-1. Nonetheless, in the interests of justice and judicial economy, the Court examines the merits of the motion.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Likelihood of success on the merits is the most important factor," *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (internal quotation marks omitted), which "is especially true for constitutional claims," *see Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023).

Petitioner previously applied for a temporary restraining order seeking relief similar to what he requests in the instant motion. (Appl., ECF No. 2.) The Court denied the application because Petitioner failed to demonstrate a likelihood of success on the merits. (Order 3–4, ECF No. 8.) In its previous order, the Court noted that Petitioner applied for a temporary restraining order in part on the basis that his release on his own recognizance in May 2024 resulted in him developing a liberty interest under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and entitled Petitioner to notice and a pre-deprivation hearing before any re-detention. (*Id.* at 4.) However, the Court explained that while it has granted relief to petitioners in similar circumstances, the Court was unable to consider this theory in evaluating Petitioner's application because it was not pleaded in the underlying petition. (*Id.*)

Unfortunately, Petitioner has not addressed this deficiency in his motion for a preliminary injunction. Petitioner's assertion that he should have received notice and a pre-deprivation hearing before being re-detained, (*see* Mem. P. & A. 14–19, ECF No. 10-1), remains unpleaded in the petition. Accordingly, the Court is powerless to issue a preliminary injunction on this basis. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). As a result, Petitioner is unlikely to succeed on the merits of his claim.

The Court declines to consider the other *Winter* factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." (cleaned up)). The motion is denied without prejudice to renewal after an amendment to the petition.

**IT IS SO ORDERED.**