UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY KUMAR, | Case No. 5:26-cv-00515-MCS-DFM |
| Petitioner, | **ORDER RE: REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| ERNESTO SANTACRUZ JR. et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. No objections to the Report and Recommendation have been filed.

The Court accepts the findings and recommendation of the Magistrate Judge that Petitioner is not a member of the class recognized in *Maldonado Bautista v. Santacruz Jr.*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 262265 (C.D. Cal. Dec. 18, 2025), and that his detention is instead governed by 8 U.S.C. § 1226(a). (R. & R. 3–5, ECF No. 19.) The Court also accepts the findings and recommendation of the Magistrate Judge that Petitioner is entitled to relief on his claim under the Due Process Clause of the Fifth Amendment. (*Id.* at 5–7.)

1

However, the Court respectfully disagrees with the Magistrate Judge's findings and recommendation that the appropriate remedy for the violation is immediate release. (*Id.* at 7–8.) Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). The facts and procedural posture here militate in favor of a conditional order of release. Petitioner claims, without any supporting evidence, that he does not pose a risk of flight or a danger to the community, (*see, e.g.*, Pet. ¶¶ 8, 42, ECF No. 1), while Respondents offer no argument on this issue, (*see generally* Answer, ECF No. 14; Suppl. Br., ECF No. 16). While Petitioner's release on his own recognizance in 2024 may have reflected a determination by the Department of Homeland Security that Petitioner was not a danger or flight risk at that time, (*see* R. & R. 7), the Court is unable to assure itself whether that remains the case today, nearly two years later. This uncertainty and the underdeveloped record in this action weigh against ordering the broad remedy of immediate release.

Instead, the Court exercises its discretion to issue a conditional order of release. Petitioner should be provided with a prompt hearing before a neutral immigration judge to challenge his continued detention pursuant to 8 U.S.C. § 1226(a). Prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-CV-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (Scarsi, J.) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond

2

hearing). A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond. If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Respondents shall provide Petitioner an individualized bond hearing before a neutral immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner an individualized bond hearing within seven days, they must immediately release him.

**IT IS SO ORDERED.**

Dated: April 1, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3